UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDIA MOELLER,

              Plaintiff,                    Case No. 2:25-cv-12057

v.                                Honorable Susan K. DeClercq
                                United States District Judge

UNIVERSITY OF TOLEDO, and
WASHTENAW COUNTY
COMMUNITY MENTAL HEALTH,      Honorable Kimberly G. Altman
                                United States Magistrate Judge

              Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 33), ADOPTING THE REPORT AND RECOMMENDATION (ECF No. 32), GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 15; 23), DENYING PLAINTIFF'S MOTION TO DENY DISMISSAL AND FOR LIMITED DISCOVERY (ECF No. 25), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF NO. 36), AND DISMISSING THE COMPLAINT (ECF No. 6) AND CASE WITH PREJUDICE**

Six years after her graduation, Plaintiff Claudia Moeller seeks compensation for an unpaid internship that she completed at Defendant Washtenaw County Community Mental Health (WCCMH) as part of her Master of Social Work degree (MSW) provided by Defendant University of Toledo (UT). Defendants separately filed motions to dismiss, and in response Moeller filed a motion a motion to deny them. All three motions were referred to a magistrate judge who, after careful consideration, recommended granting Defendants' motions to dismiss and denying

Moeller's motion. Moeller filed objections, prompting a *de novo* review of the magistrate judge's recommendation. As explained below, Moeller's objections will be overruled and there is no clear error, so the magistrate judge's report will be adopted and Moeller's complaint will be dismissed without prejudice.

## I. BACKGROUND

In July 2025, Moeller filed a *pro se* complaint against WCCMH and UT, alleging wage-and-hour violations and sex-based discrimination. ECF No. 1. She amended her complaint twice shortly thereafter, ECF Nos. 4, 6, and the second amended complaint is now the operative pleading, ECF No. 6. In it, Moeller raises three counts: violation of the Fair Labor Standards Act (FLSA) (Count I); violation of National Apprenticeship Act Principles (NAAP) (Count II); and violation of Title IX and the Equal Protection clause for gender discrimination (Count III). *Id.* at PageID.121–22.

The central issue in this case is whether equitable tolling applies. The body of the complaint does not contain precise information about her employment with CMH, but a separate exhibit addressing equitable tolling does. ECF No. 6 at PageID.183–85. There, Moeller alleges that between 2014 and 2020, she was employed at WCCMH, and between 2018 and 2019, she worked 525 unpaid hours as a licensed Bachelor of Social Work (BSW) as part of her mandatory internship requirements for her MSW degree. *Id.* at PageID.184, 120. She further alleges that

in 2024, after being denied an interview for a coordinator position at the place where she was already working, she began an inquiry into the Department of Labor's "Primary Beneficiary Test" and discovered that her unpaid labor likely qualified as compensable employment under the FLSA. *Id.*

In support of equitable tolling, Moeller advances three relevant grounds: (1) "[t]he normalization of unpaid labor in social work—combined with institutional failure to educate her about her rights—created a reasonable delay in" her discovery of the violations; (2) she "lacked access to legal counsel and was unaware of her right to challenge those labor practices"; and (3) "[u]pon learning of her rights…[she] took immediate and diligent steps to investigate her claims." *Id.* at PageID.185.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). "After reviewing the evidence, [the court] may accept, reject, or modify the findings and recommendations." *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021) (citing FED. R. CIV. P. 72(b)(3)). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed.

*Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

### III. ANALYSIS

### A. Moeller Objections to the Report and Recommendation

Having conducted a *de novo* review, this Court finds, for the reasons provided below, that Judge Altman's factual conclusions are reasonably correct, that she reasonably applied the correct law, and that her legal reasoning is sound. This Court finds no prejudicial clear errors in Judge Altman's findings or recommendations to (1) grant Defendants' motions to dismiss and (2) deny Plaintiff's motion to deny dismissal. *See* ECF No. 32. To the extent Moeller's objections challenge Judge Altman's conclusions and recommendations, all five of her objections will be overruled because they do not identify any specific error in the reasoning of the report and recommendation (R&R) and do not support a different outcome. *See generally* ECF No. 33.

### 1. Objection No. 1–Equitable Tolling

Moeller objects to the R&R's equitable tolling determination arguing an erroneous application of the Civil Rule 12(b)(6) standard ("The R&R; erroneously treats equitable tolling as a merits determination rather than a plausibility inquiry governed by Rule 12(b)(6).") and that her allegations support tolling ("Plaintiff plausibly alleges delayed discovery caused by institutional concealment."). ECF No.

33, PageID.452. But Moeller's first objection will be overruled because it does not identify any specific error in the R&R's equitable tolling analysis.

For an objection to be proper, parties must "specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and []state the basis for the objection." *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (quoting E.D. MICH. LR 72.1(d)(1)). An objection that is vague or disputes only the general correctness of the R&R does not satisfy this requirement. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In other words, a restatement of facts or arguments already considered by the magistrate judge, without more, does not identify any error in the R&R's analysis and therefore fails to specify the part of the R&R to which the party objects. *See id.*

Moeller's objection fails on both grounds. First, her challenge to the R&R's application of the Rule 12(b)(6) standard is without merit. Federal courts may dismiss a complaint pursuant to Civil Rule 12(b)(6) by denying equitable tolling as a matter of law. *Steiner v. Henderson*, 354 F.3d 432, 434 (6th Cir. 2003) (affirming dismissal holding as a matter of law that equitable tolling was not warranted). In analyzing a 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true," *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019, but need not accept "unwarranted factual

inferences," *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008).

Accepting as true Moeller's factual assertions——that unpaid labor is normalized in social work, that institutional failure to educate her about her rights caused her delay, and that she lacked access to legal counsel——they amount to nothing more than a claim that she was unaware of her legal rights. That is the paradigmatic form of ignorance of the law that equitable tolling does not excuse. *See Steiner*, 354 F.3d at 434; *see also* ECF No. 6, PageID.185. The R&R therefore correctly concluded that Moeller's equitable tolling argument rests on her failure to recognize her legal claim until her independent research, which alone is insufficient to warrant equitable tolling. ECF No. 32 at PageID.440 (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (per curiam)).

Second, Moeller does not identify any error in the R&R's legal conclusion. She instead simply restates the same factual allegations from her brief——that misleading practices and lack of transparency prevented her from discovering the wage violations until 2024——without explaining why the R&R was wrong to characterize those allegations as amounting to nothing more than ignorance of the law. *Cf.* ECF No. 25 at PageID.321–22 ("Plaintiff was misled as to her rights, denied access to critical billing information, and faced systemic barriers.") with ECF No. 33 at PageID.452 ("Defendants affirmatively structured her labor as 'educational,'

misclassified her status, concealed billing enrollment and wage-and-hour implications, and represented the unpaid placement as mandatory and accreditation-required."). Because her objection restates the underlying facts rather than challenging the R&R's legal reasoning, it does not specify any error in the R&R and therefore does not satisfy Local Rule 72.1(d)(1). *See Pearce*, 893 F.3d at 346. Additionally, Moeller raises for the first time the argument that the University of Toledo's change of policy after her graduation justifies equitable tolling. See ECF No. 33 at PageID.452. Because this argument was never presented to the magistrate judge, it did not form part of the R&R's reasoning, and her objection therefore cannot point to any specific part of the R&R to which it corresponds. *See Meddaugh*, 601 F. Supp. 3d at 213.

Finally, the authority Moeller relies upon does not support her claim. She cites *Ayers v. SGS Control Servs., Inc.*, No. 03 CIV 9077 RMB, 2007 WL 646326 (S.D.N.Y. Feb. 27, 2007), for the proposition that equitable tolling may be warranted where the nature of the employment relationship is obscured by academic requirements or where the worker is unaware of her labor protections. That opinion, however, addresses class certification and summary judgment on different grounds and does not support the proposition for which it is cited. *See id.*

### 2. Objections Nos. 2–5

Moeller also objects to the R&R's additional recommendations. She argues that the R&R: "misapplies the FLSA's primary beneficiary test" (Objection No. 2); improperly "faults Plaintiff for failing to distinguish tasks performed as an employee from those performed [sic] as an intern" (Objection No. 3); fails to recognize that "Title IX disparate impact claims . . . do not require . . . a similarly situated comparator" (Objection No. 4); and discounts that "Plaintiff is proceeding pro se and could readily cure any perceived deficiencies through amendment" (Objection No. 5). See ECF No. 33.

Even if Moeller's remaining objections were procedurally proper, addressing them on the merits would be futile. Equitable tolling is the threshold issue in this case, and Moeller does not object to the R&R's finding that her claims are time-barred. *See* ECF No. 32 at PageID.439 ("Like her FLSA claim, her claim under Title IX is time-barred."). Instead, she targets her challenges solely toward the recommendation not to apply equitable tolling. *See generally* ECF No. 33. Because equitable tolling does not apply for the reasons stated above, her claims remain time-barred regardless of the merits of her remaining objections. Objections 2–5 are therefore overruled.

**B. Motion for Leave to Amend**

One month after filing objections to the R&R, Moeller filed a motion for leave to amend her third amended complaint. ECF No. 36. But because this Court will adopt the R&R in full and dismiss Moeller's case, her motion to amend is now moot. *See Sparks v. Craig Hutchinson*, No. 16-cv-10752, 2017 WL 345675, at *1 (E.D. Mich. Jan. 24, 2017) (adopting the R&R, granting the defendants' motions to dismiss and for summary judgment, dismissing the plaintiff's claims, and denying the plaintiff's motion to amend his complaint as moot). And even if her motion were not moot, amending her complaint would be futile because the proposed amended complaint does not cure the equitable tolling defect of her claims. *See Levon v. Marlborough Ests., LLC*, No. 11-15663, 2012 WL 3241321, at *1 (E.D. Mich. Aug. 8, 2012) (adopting the R&R, granting the defendants' motion to dismiss, and denying as futile the plaintiff's motion for leave to amend the complaint). Therefore, this Court will dismiss her motion.

In sum, Moeller's objections will be overruled and Judge Altman's recommendations will be adopted in full because Moeller has not identified any errors in the R&R's analyses or conclusions. This Court will also deny Moeller's "motion" to deny defendants' motions to dismiss and grant limited discovery, ECF No. 25, in accordance with the recommendation, as well as because this "motion"

appears to be Moeller's response to Defendants' motion to dismiss. And as previously stated, her motion for leave to amend will also be denied as moot.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Objections, ECF No. 33, are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation, ECF No. 32, is **ADOPTED**;

3. Defendants' Motions to Dismiss, ECF Nos. 15, 23, are **GRANTED**;

4. Plaintiff's Motion to Deny Defendants' Motion to Dismiss and Allow Limited Discovery, ECF No. 25, is **DENIED**;

5. Plaintiff's Motion for Leave to Amend her Complaint, ECF No. 36, is **DENIED AS MOOT**; and

6. Plaintiff's Complaint, ECF No. 6, is **DISMISSED WITH PREJUDICE**, thereby **DISMISSING THE CASE**.

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated:  March 12, 2026