UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDIA MOELLER,

              Plaintiff,                       Case No. 2:25-cv-12057

v.                                         Honorable Susan K. DeClercq
                                            United States District Judge

UNIVERSITY OF TOLEDO, et al.,

              Defendants.

_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION (ECF No. 38) AND STRIKING DEFENDANTS' RESPONSES (ECF Nos. 39, 40) AND PLAINTIFF'S REPLY (ECF No. 41)

On March 12, 2026, this Court granted Defendants' motion to dismiss and dismissed Plaintiff Claudia Moeller's complaint holding that her claims were time-barred and that equitable tolling does not apply. Now, Moeller seeks reconsideration of this Court's order. She argues that this Court did not consider policy facts relevant to equitable tolling that she now seeks to add by filing a third amended complaint. But for the reasons explained below, Moeller's motion will be denied in full.

### I. LEGAL STANDARD

"Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich LR 7.1(h)(1). Under Civil Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. FED. R. CIV. P. 59(e). "[T]he

purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (internal quotation marks and citation omitted). The grounds for amending a judgment are limited: "[a] district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cnty., Tenn.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

When a plaintiff seeks post-judgment leave to amend, she must first satisfy Rule 59(e) and overcome "the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Martin v. Univ. of Tenn.*, No. 25-5845, 2026 U.S. App. LEXIS 9385, at *5 (6th Cir. Mar. 31, 2026) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010)); *see also BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213-14 (2025). Plaintiffs may not "use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision." *Leisure Caviar*, 616 F.3d at 615-16.

## II. ANALYSIS

### A. Clear Legal Error or Newly Discovered Evidence

Moeller has identified neither a clear error of law nor newly discovered evidence sufficient to warrant reconsideration. Moeller, instead, asks this Court for the opportunity to amend her complaint to add allegations regarding the University of Toledo's policy that she considers relevant to the tolling analysis. ECF No. 38 at PageID.520–21.

District courts may grant a Civil Rule 59(e) motion to correct a clear error of law. *Moore*, 402 F. App'x, 108; 12 MOORE'S FEDERAL PRACTICE - CIVIL § 59.30 ("A Rule 59(e) motion . . . may not be used to relitigate the same matters already determined by the court, unless the court's determination was based on clear legal error.") A clear error of law occurs where the court applied the wrong legal standard, misapplied the correct one, or relied on clearly erroneous findings of fact. *See Auletta v. Ortino (In re Ferro Corp. Derivative Litig.)*, 511 F.3d 611, 623 (6th Cir. 2008). Relief is also available to account for newly discovered evidence. *Moore*, 402 F. App'x, 108. Evidence qualifies as "newly discovered" only if it was "previously unavailable." *Leisure Caviar*, 616 F.3d at 614. Courts in this Circuit do not grant Rule 59(e) relief where a party could have obtained the evidence earlier through due diligence. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001).

Here, it is not clear whether Moeller grounds her motion on a clear error of law or newly discovered evidence. Either way, Moeller's argument fails under both grounds. Moeller's allegations regarding the policy change were already before this

- 3 -

Court and were rejected as improperly raised for the first time in her objections to the Report and Recommendation. ECF No. 37 at PageID.510; *see also Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) ("Parties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R.") (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Therefore, Moeller may not recycle a rejected argument into newly discovered evidence in a post-judgment motion. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (motions under Civil Rule 59(e) are not opportunities to reargue a case). And Moeller had the opportunity to seek leave to amend her complaint to incorporate new allegations based on this evidence before judgment was entered but failed to do so.

Even if we consider the merits of Moeller's arguments, they are unpersuasive. When a plaintiff argues that the judgment should be altered to allow them to amend their complaint, she must first "satisfy the requirements for obtaining post-judgment relief—in this case, the requirements of Rule 59(e)—and must overcome 'the competing interest of protecting the finality of judgments and the expeditious termination of litigation.'" *Martin v. Univ. of Tenn.*, No. 25-5845, 2026 U.S. App. LEXIS 9385, at *5 (6th Cir. Mar. 31, 2026) (quoting *Leisure Caviar*, 616 F.3d at 615-16); *see also Honickman*, 605 U.S. at 213-14. Allowing the desired amendment to serve as its own justification would be vicious circularity: the argument assumes

what it purports to prove and therefore establishes nothing independent of what it already takes for granted. In other words, Moeller argues that *leave to amend is warranted because the amendment warrants leave to amend*. *See* J. Murtoff, *Circular Argument*, ENCYCLOPEDIA BRITANNICA (Nov. 8, 2023), https://www.britannica.com/topic/circular-argument (last visited Apr. 10, 2026).

Accordingly, The Court finds that Moeller has not satisfied the stringent requirements for obtaining relief based on newly discovered evidence under Rule 59(e)

### B. Manifest Injustice

Finally, Moeller has not demonstrated that reconsideration is necessary to prevent manifest injustice. *See* FED. R. CIV. P. 59(e). The Sixth Circuit has noted that its "cases do not offer clear guidance as to what qualifies as manifest injustice, but the plain meaning of those words is instructive." *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 530 (6th Cir. 2016). Black's Law Dictionary defines "manifest injustice" as "[a] direct, obvious, and observable error in a trial court." *Manifest Injustice*, BLACK'S LAW DICTIONARY (11th ed. 2019). "A general definition of manifest injustice has not been developed, and courts look at the matter on a case-by-case basis." *Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*, No. 19-12052, 2021 U.S. Dist. LEXIS 114892, at *3 (E.D. Mich. June 21, 2021). But here, Moeller does not point to a court's error and shows only a

disagreement with the outcome, so there is no manifest injustice.

In sum, Moeller has not shown that she is entitled to reconsideration, so her motion for reconsideration, ECF No. 38, will be denied.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 38, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' response to Plaintiff's Motion for Reconsideration, ECF Nos. 39, 40, and Plaintiff's reply, ECF No. 41, are **STRICKEN** pursuant to E.D. Mich. L.R. 59.1(b).

**IT IS SO ORDERED.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 15, 2026

- 6 -